IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MELISSA CANNING,<br><br>        Plaintiff,<br>    v.<br><br>WASHINGTON COUNTY,<br><br>        Defendant. | Case No.: 3:23-cv-00210-AN<br><br><br>OPINION AND ORDER |

Plaintiff Melissa Canning brings this action against defendant Washington County alleging claims related to wrongful termination. During discovery, defendant deposed plaintiff for approximately six hours. Defendant also served plaintiff's doctor, who is not a party to this case, with subpoenas for medical records and deposition testimony. On September 6, 2024, plaintiff filed a Motion for Protective Order, ECF [25], which the Court construes as a motion to quash. On September 27, 2024, defendant filed a Motion to Continue Deposition of Plaintiff, ECF [29]. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the following reasons, plaintiff's motion is GRANTED, and defendant's motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

**A.    Motion to Quash**

Generally, the scope of subpoena requests is equivalent to the scope of discovery. *McGuffin v. Dannels*, No. 6:20-cv-01163-MK, 2023 WL 11832162, at *1 (D. Or. Sept. 8, 2023); *Rollins v. Traylor Bros., Inc.*, No. C14-1414-JCC, 2017 WL 1756576, at *1 (W.D. Wash. May 5, 2017). Thus, subpoena requests may involve "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information is considered relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal citation and quotation marks omitted).

1

Under Federal Rule of Civil Procedure 45(d)(3)(A), a court must quash or modify any subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. "[A] subpoena seeking irrelevant information may be quashed as unduly burdensome." *Bokenfohr v. Gladen*, No. 3:17-cv-01870-BR, 2018 WL 3364659, at *3 (D. Or. July 10, 2018) (internal citation and quotation marks omitted); *see Goolsby v. Raney*, 483 F. App'x 326, 329 (9th Cir. 2012) ("It was within the district court's broad discretion over discovery to grant [the] motion to quash discovery" because the materials sought "were properly deemed not 'relevant' for the purposes of Federal Rule of Civil Procedure 26(b)(1) . . . ."). Although the party moving to quash a subpoena bears the burden of persuasion, *Wickersham v. Eastside Distilling, Inc.*, 692 F. Supp. 3d 1052, 1066 (D. Or. 2023), *aff'd in relevant part*, 2024 WL 455070 (Jan. 25, 2024), the party issuing the subpoena must sufficiently demonstrate the relevance of the information sought, *Pride Truck Sales, L.P. v. JMR Grp., LLC*, No. 3:21-cv-01607-SB, 2023 WL 11886122, at *2 (D. Or. Dec. 28, 2023).

"A party generally lacks standing . . . to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Wickersham*, 692 F. Supp. 3d at 1066 (internal citation and quotation marks omitted). The Ninth Circuit has suggested that discovery against a nonparty may be more limited than that allowed against parties. *See United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party."). However, the Ninth Circuit has declined to read the "undue burden" prong differently when a nonparty is subpoenaed. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012).

**B.    Motion to Extend Deposition Time**

A deposition is presumptively limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). However, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly

2

examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.*

"The party seeking a court order to extend a deposition beyond the presumptive time limit must show 'good cause' for the extension." *Varese v. Clatsop Behavioral Healthcare*, No. 3:16-cv-00738-AA, 2017 WL 11514793, at *4 (D. Or. Sept. 21, 2017) (citing Fed. R. Civ. P. 30 advisory committee's note (2000)). To determine good cause, a court "may consider 'a variety of factors,' including whether the deponent requires an interpreter; whether the examination will cover events that took place over a long period of time; whether there have been delays in producing relevant documents; whether more than one party needs to question the witness; whether the witness is an expert; and whether the examination has been impeded by a power outage, health emergency, or other event." *Id.* (considering whether to extend based on complexity of case, the plaintiff's role in another case, and newly discovered evidence).

## BACKGROUND

Plaintiff worked for defendant as a sheriff's deputy from approximately April 2018 to January 2023, when defendant terminated her employment, characterizing the termination as a medical separation. First Am. Compl. ("FAC"), ECF [21], ¶¶ 11, 138, 140. Plaintiff filed her First Amended Complaint on July 3, 2024, alleging claims of workplace discrimination (including disability discrimination), interference, and retaliation. *Id.* ¶¶ 146-220. Plaintiff seeks, in relevant part, noneconomic damages for mental stress, emotional distress, humiliation, inconvenience, and loss of enjoyment of life arising out of her treatment at work by defendant. *Id.* ¶¶ 151, 161, 189, 199, 208, 217. Plaintiff alleges that her emotional distress began in March 2021. Pl. Mot. for Protective Order ("Pl. Mot."), ECF [25], at 2-3 (citing FAC ¶ 1 and Decl. Jose Klein Supp. Pl. Mot., ECF [26], Ex. A).

On July 3, 2024, defendant served plaintiff's doctor, Dr. Keliiheleua, with a subpoena for medical records and deposition testimony. *Id.* at 3. Dr. Keliiheleua produced approximately 236 pages of plaintiff's electronic medical records from 2015 to 2024 and was deposed for approximately three hours on August 13, 2024. *Id.* At deposition, Dr. Keliiheleua referenced a small paper file that was omitted from his production, consisting of records related to plaintiff's care that were created prior to Dr. Keliiheleua's

transition from paper to electronic medical records in July 2015. *Id.* On August 30, 2024, defendant served Dr. Keliiheleua with a new round of subpoenas that appear to be aimed at recovering the pre-2015 paper medical records and reopening Dr. Keliiheleua's deposition to ask about plaintiff's health before July 2015. *Id.*

On August 15, 2024, defendant also deposed plaintiff for approximately five hours and 48 minutes of on-the-record time. Decl. John Mansfield Supp. Def. Mot. to Continue Pl. Dep., ECF [30], ¶ 4.

## DISCUSSION

### A. Subpoenas to Dr. Keliiheleua

Plaintiff moves for the Court to modify or quash the August 30, 2024, subpoenas to Dr. Keliiheleua. Although Dr. Keliiheleua is a nonparty, the subpoenas implicate plaintiff's asserted privacy interest in her own medical records. Accordingly, plaintiff has standing to bring the present motion.

Plaintiff argues that the subpoenas jeopardize plaintiff's unwaived privacy interests in her medical records, which contain details of plaintiff's life that are among the most intimate and personal. Plaintiff also argues that while she alleges damages related to conditions that Dr. Keliiheleua treated, that treatment should not require a complete surrender of her rights to medical privacy. Plaintiff further argues that the burdensome subpoenas are not relevant or proportional and that there is good cause to protect Dr. Keliiheleua and plaintiff from them.

Defendant has not met its burden of demonstrating that the information sought in the August 30, 2024, subpoenas is relevant and proportional to this litigation. By alleging disability discrimination and seeking noneconomic damages for emotional distress and other conditions, plaintiff has placed such conditions at issue, rendering her medical records relevant to an extent. *See Tran v. Wells Fargo Bank, N.A.*, No. 3:15-cv-00979-BR, 2017 WL 1234131, at *3 (D. Or. Jan. 20, 2017). However, Dr. Keliiheleua has already produced plaintiff's electronic medical records from July 2015 to the present. Dr. Keliiheleua has also been deposed on plaintiff's preexisting conditions and any relationship they may have to the emotional distress that he observed in plaintiff. Plaintiff began working for defendant in April 2018,

4

and based on the current record, her first relevant symptoms started in March 2021. Thus, defendant already possesses medical records pertaining to plaintiff's health not only during the entire period that she was employed by defendant and began experiencing the alleged symptoms, but also a few years preceding her employment.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1). Considering the foregoing factors, the Court views medical records from the time period of July 2015 to the present as sufficient to permit an assessment of the effect of any preexisting conditions or alternative sources of stress on plaintiff's health. At least on the current record, plaintiff's medical records preceding July 2015 are not relevant and proportional to the needs of the case. Thus, the production of such information is unduly burdensome, and the Court quashes the August 30, 2024, subpoenas served upon Dr. Keliiheleua.

**B.     Extension of Deposition Time**

Defendant has already deposed plaintiff for approximately five hours and 48 minutes on a single day. Defendant now asks the Court to authorize an additional seven hours' time to depose plaintiff. Defendant argues that plaintiff seeks over $5.3 million in a lengthy complaint that includes eight separate claims for relief. Defendant also argues that plaintiff has deposed 14 witnesses and is scheduled for one more, for an approximate total duration of 59 hours, whereas defendant has deposed only four witnesses, for an approximate total duration of 14 hours. Plaintiff agrees to extend her deposition by three hours but argues that defendant has not shown good cause for a seven-hour extension. Plaintiff also argues that a second full day is not needed to fairly examine plaintiff.

Defendant has not established good cause to extend plaintiff's deposition for seven hours. First, despite defendant's references to the length of the complaint, volume of discovery, and amount of

plaintiff's prayer, this action is not unusually complex, either factually or legally. As plaintiff argues, this is a two-party litigation, involving conduct that occurred primarily between March 2021 and January 2023. Defendant has not shown that this case is more complex than "the mine run of employment disputes litigated in federal court." *Varese*, 2017 WL 11514793, at *5 (rejecting the defendants' argument that the complexity of a case with eight employment claims concerning a two to three-year period warranted four additional hours of deposition time); *see also Wyatt B. v. Brown*, No 6:19-cv-000556-AA, 2019 WL 4345981, at *1 (D. Or. Sept. 12, 2019) (rejecting the plaintiffs' request for an additional 20 hours over the total deposition time stipulated by the parties because the plaintiffs made no particularized showing of need other than generally noting that it was a complex case).

   Defendant's second argument is similarly unconvincing. It is unclear why the fact that plaintiff has deposed a greater number of witnesses mandates that defendant should be able to depose plaintiff for an additional seven hours after having already deposed her for almost six hours. As plaintiff argues, it is not entirely unexpected that plaintiff would depose more witnesses in an employment case in which nearly all the holders of relevant information are defendant's agents and therefore accessible to defendant outside of deposition.

   Finally, none of the other factors that may necessitate the extension of a deposition, such as the need for interpretation, delays in production, or an impediment to plaintiff's prior examination, are present here.

   Accordingly, the Court grants defendant's motion in part: defendant may depose plaintiff for an additional three hours and 15 minutes, for a total of nine hours of deposition time. The motion is otherwise denied.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Protective Order, ECF [25], which the Court construes as a motion to quash, is GRANTED. Defendant's Motion to Continue Deposition of Plaintiff, ECF [29], is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 2nd day of October, 2024.

Adrienne Nelson
United States District Judge